UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN DAVID PAMPLIN,<br><br>Petitioner,<br>v.<br><br>STATE OF NEVADA,<br><br>Respondent. | Case No. 3:18-cv-00279-MMD-WGC<br><br>ORDER |

This action was initiated *pro se*, on June 13, 2018, by John David Pamplin, who is apparently a prisoner at Nevada's Ely State Prison (ESP). On that date, Pamplin submitted a document entitled "Petition for Writ of *Coram Nobis/Coram Vobis*." (ECF No. 1-1).

Pamplin did not pay the filing fee for this action, and he did not submit an application to proceed *in forma pauperis*. This action is subject to dismissal on that ground.

Moreover, it is plain that Pamplin's petition is meritless. It appears from Pamplin's petition that in 2002 he was convicted of crimes in Nevada's Eighth Judicial District Court (Clark County), resulting in his incarceration at ESP. As the Court understands Pamplin's petition, he seeks relief from that conviction. "*Coram nobis* is an extraordinary writ that usually is available only to petitioners who have fully served their sentences." *United States v. Monreal*, 301 F.3d 1127, 1131-32 (9th Cir. 2002). The writ of error *coram nobis* may be issued by a federal court only with respect to a federal criminal sentence. *See*

*Yasui v. United States*, 772 F.2d 1496, 1498 (9th Cir. 1985) ("The writ of error *coram nobis* fills a void in the availability of post-conviction remedies in federal criminal cases."); *Hensley v. Mun. Court*, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972) (holding that, even though habeas jurisdiction was lacking, a petition could not be treated as "one seeking *coram nobis* because [petitioner] seeks to challenge a state court proceeding in federal court" and "[c]oram nobis* lies only to challenge errors occurring in the same court"), rev'd on other grounds, 411 U.S. 345 (1973). Similar to a writ of error *coram nobis*, a writ of error *coram vobis* asks "the same court which had rendered the judgment to reconsider it." *See People v. Hyung Joon Kim*, 202 P.3d 436, 443 (2009). Pamplin's petition to this federal court for relief from his state conviction, by means of a petition for writ of error *coram nobis*/*coram vobis*, is wholly without merit.

A petition for writ of habeas corpus, under 28 U.S.C. § 2254, is the only means for challenging a state court criminal conviction in federal court. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ..., his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The Court takes judicial notice of the proceedings in Case Number 3:08-cv-00007-RCJ-VPC, in this Court. In that case, initiated by Pamplin in 2008, Pamplin sought federal habeas corpus relief from his state court conviction. Pamplin's petition was dismissed on January 14, 2011, and this Court denied him a certificate of appealability. (ECF Nos. 34 and 35 in Case No. 3:08-cv-00007-RCJ-VPC.) Pamplin appealed, and the Ninth Circuit Court of Appeals denied Pamplin's request for a certificate of appealability on December 20, 2011. (ECF No. 44 in Case No. 3:08-cv-00007-RCJ-VPC.) Pamplin petitioned the United States Supreme Court for certiorari, and the Supreme Court denied that petition on May 14, 2012. (ECF No. 45 in Case No. 3:08-cv-00007-RCJ-VPC.) On June 11, 2018, Pamplin filed a "Request for Rehearing on Original and Amended Petitions," and that motion is pending. (ECF No. 46 in Case No. 3:08-cv-00007-RCJ-VPC.)

///

1 | Because Pamplin has not paid the filing fee for this action, or submitted an application to proceed *in forma pauperis*, because his petition in this action is plainly meritless, and in light of the proceedings in Case Number 3:08-cv-00007-RCJ-VPC in this Court, this action will be summarily dismissed.

It is therefore ordered that this action is dismissed.

It is further ordered that the petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of the Court enter judgment accordingly.

DATED THIS 14th day of June 2018.

MIRANDA M. DU,
UNITED STATES DISTRICT JUDGE